UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE E. KERSEY )<br>Petitioner )<br>  )<br>v. )<br>  )<br>  )<br>COMMISSIONER OF PATENTS )<br>Respondent. ) | Proceeding D2004-05 Before The Under<br>Secretary Of Commerce<br>Docket No. 06416 *EGS*<br>*MC* |

MOTION BY PETITIONER GEORGE E. KERSEY,
FOR SUMMARY JUDGMENT

Petitioner, GEORGE E. KERSEY ("KERSEY") hereby moves for Summary Judgment against James A. Toupin, General Counsel ("Toupin") of the United States Patent Office, who acted improperly against KERSEY on behalf of the Under secretary of Commerce and the Commissioner of Patents, for the following reasons:

Undisputed Facts

1. Kersey is in good standing as an Attorney at Law of New York and of New Jersey.

2. The action taken by Toupin is based, in part, on a wrongful disbarment of Kersey by New Hampshire on the grounds that Kersey had violated New Hampshire Rules 3.4 and 5.5, which he had not, as found by New Jersey in its reciprocal proceedings based on the wrongful New Hampshire disbarment.

3. The action taken against Kersey by the Patent Office is based on 37 CFR (Code of Federal Regulations) 10.155 which provides that in disciplinary hearings the accused is entitled to a hearing.

1

4. Instead of giving Kersey the hearing to which he was entitled, a decision was rendered against Kersey on Summary Judgment, despite the clear existence of disputed facts.

5. The Patent Office action against Kersey has two counts: (1) Imposition of discipline on a matter which is currently on appeal by Kersey to the Court of Appeals for the federal Circuit because the Patent Office had made an untimely appeal from a decision of an Administrative Law Judge and (2) the improper New Hampshire disbarment, which was not followed by reciprocal disciplinary proceedings in New York and New Jersey.

6. There is a clear dispute on whether it is proper to base discipline on a matter which is on appeal.

7. There also is a clear dispute on whether it is proper to rely on a New Hampshire disbarment based on false findings of fact and not followed by either New York or New Jersey.

### Kersey's Wrongful disbarment by New Hampshire

8 Kersey can prove that he was falsely disbarred by New Hampshire on the grounds that he had violated New Hampshire Rules of Professional Conduct 3.4 and 5.5. Kersey can prove, at the hearing that he is entitled to have under the Rules, that he violated neither Rule, (as found by the Supreme Court of New Jersey) so that his disbarment by New Hampshire cannot have merit and cannot be considered on reciprocal discipline by the Patent Office.

### The Patent Office Made an Untimely Appeal in Kersey's Former Case

9. Kersey can further prove that in Proceeding No. 00-07, which is the basis for Patent Office Count I the final decision is that of November 14, 2001 since, as pointed out by Judge Nissen, in his communication of February 6, 2002, neither party filed an appeal within 30 days of the ALJ Decision, and that decision became final. As stated by the Court of Appeals for the Federal Circuit: "The time to file a notice of appeal is statutory, mandatory and

jurisdictional. <u>Monzo v. Dep't of Transp. Fed- Aviation</u> Admin., 735 F.2d 1335, 1336 (Fed. Cir. 1984.)" The position of the CAFC is that when an "appeal was untimely filed, we must dismiss his appeal. <u>Pinat v Office of Personnel Management</u>, 931 F.2d 1544, 1546 (Fed. Cir. 1991) (deadline for filing appeal or petition for review may not be waived)".

WHEREFORE the decision of the Patent Office in Proceeding D2004-05 against Kersey should be dismissed

                    Respectfully submitted,
                    With the foregoing statements of fact by Kersey
                    made subject to the penalties for perjury

                    George E. Kersey
                    P.O. Box 1073
                    Framingham, MA 01701
                    (781) 581-5103

Dated: October 17, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this Petition was sent as a Summons this day in the following manner to the addressees listed below:

_George E. Kersey_
George E. Kersey

Dated: October 18, 2006

Copy by Regular Mail to:

U.S. Patent and Trademark Office,
Commissioner of Patents
P.O. Box 1430
Arlington, VA 22215


Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001


Kenneth L. Waintstein
United States Attorney
555 4th Street, NW
Washington, DC 20530