UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE E. KERSEY, </br></br>Petitioner </br></br>v. </br></br>COMMISSIONER OF PATENTS, </br>U.S. PATENT AND TRADEMARK OFFICE </br></br>Respondent | Civil Action No. *06-0416* (EGS) |

**OPPOSITION BY PETITIONER, GEORGE E. KERSEY ("KERSEY")
TO THE MOTION OF RESPONDENT, UNITED STATES PATENT
AND TRADEMARK OFFICE ("PTO"), TO DISMISS**

Petitioner Kersey hereby opposes the Motion of the "United States Patent and Trademark Office ('PTO'), through counsel, for dismissal in this matter pursuant to Fed. R. Civ. P. 4(m) for the following reasons.

1. The Office of the United States Attorney has appeared in this action by previously requesting an extension of 30 days to answer "the complaint". .

2. Contrary to the United States Attorney this action does not involve a plaintiff, defendant and a complaint. This action involves a Petitoner (Kersey), a Respondent (Commissioner of Patents) and a Petition, not a Complaint

3. The United States Attorney has not made his Motion against the proper Respondent, who is the Commissioner of Patent, not the United States Patent and Trademark Office

4. The United States Attorney has overlooked Rule 1 of the federal Rules of Civil Procedure which provides:

**RECEIVED**

APR 4 - 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

**Rule 1. - Scope and Purpose of Rules**

These rules govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity or in admiralty, with the exceptions stated in Rule 81. **They shall be construed and administered to secure the just, speedy, and inexpensive determination of every action. (Emphasis added)**

5. The request for dismissal constitutes an appearance. The Federal Rules do not provide for special appearances.

6. Under Rule 4 of the Federal Rules, a Defendant has a duty to waive service of a summons. This obviously should be the case where the Defendant receives actual notice of a proceeding. Surely the same obligation should be even more applicable to a Respondent to a Petition from an improper action on behalf of the Commissioner of patents.

7. This is not the commencement of a new action but a continuation of an opposition to the improper action on behalf of the patent Office; it is similar to a notice of appeal for which Rule 4 does not apply.

8. The United States Attorney states that az proposed order was attached to his Motion, but no copy of any such Order was provided to Kersey.

9. A proposed Order consistent with the objections set forth herein is attached.

Since the Motion raises disputed questions of fact, Kersey requests a trial by jury on all issues so triable.

Respectfully submitted

_____
GEORGE E. KERSEY
P.O.. Box 1073
Framingham, MA 01701
(781) 581-5103

3

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing Memorandum in Opposition to Defendant's Motion to Dismiss was sent via first class mail on this 29th day of March, 2007 to the following

       Office of the United States Attorney
       555 Fourth Street, N.W., Room E-4417
       Washington, D.C. 20530

       _____
       George E. Kersey

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE E. KERSEY,<br><br>Petitioner<br><br>v.<br><br>COMMISSIONER OF PATENTS,<br><br>Respondent | )<br>)<br>)<br>) Civil Action No. 06-0416 (EGS)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PETITIONER, GEORGE E. KERSEY'S ("KERSEY")
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE
MOTION TO DISMISS ON BEHALF OF RESPONDENT**

On or about August 19, 2006, Kersey prepared a Petition (not a complaint) pursuant to **LCvR 83.7 REVIEW OF ORDERS AS TO ADMISSION OR EXCLUSION OF PRACTITIONERS BEFORE THE PATENT OFFICE**

> A person refused recognition to practice or suspended or excluded from practice before the Patent Office may file a petition in this court against the Commissioner of Patents for review of such action within 30 days after the date of the order recording the Commissioner's action with this Court seeking review of a decision by the United States Patent and Trademark Office ("PTO") excluding him from practice before the PTO. *Docket Entry* 1.

Before filing the Petition Kersey called the Court and asked if a summons was necessary and was told "no" because the document being filed was a Petition. Accordingly, there was confirmation of Kersey's belief that a formal summons was unnecessary since no complaint was being filed.

The Petition was sent on August 31, 2006 by first class mail to the persons listed by the Court Clerk for service: Commissioner for Patents, U.S. Attorney; and Department of Justice None of these documents were ever returned top Kersey so he assumed they had been received.

The Petition was filed on or about September 6, 2006. It would appear that if the Clerk thought a Summons was needed he would have sent one to Kersey, but dfid not confirming the earlier information given to Kersey that a Petition did not require a formal

1

summons in view of the fact that the Peition was the continuation of a prior proceeding much like an appeal which does not require a formal summons.

On October 13, 2007 Kersey called the Clerk at 202-354-3000. The Clerk said that the Docket No. is 06416 and that the case had been assigned to Judge Sullivan. The Clerk said the Respondent has 60 days to answer, i.e by October 30, 2006

On October 17, 2006 Kersey prepared a Motion for Summary Judgment and sent the Motion to the Court with a cover letter asking the Clerk to advise if anything further was necessary.

The Motion also was sent to the parties listed in the Certificate of Service for the original Petition, namely: Commissioner of Patents; the United states Attorney and the Attorney General. None of these documents were ever returned to Kersey so he assumed they had been received

Finally according to the U.S. attorney "in late December" that "office was contacted by the PTO regarding Plaintiffs motion for summary judgment. After investigating this matter, the United States Attorneys Office was unable to find any record that the Plaintiffs complaint had ever been served upon this office". It is apparent that one document was received by a party named in the Certificate of Service: The Commissioner for Patents. There was never any return of the documents sent to the U.S. Attorney or the Department of Justice.

On January 23, 2007, Quan K. Luong sent a letter to Kersey stating that Kersey's "complaint" had recently come to the attention of his office, but he claimed that the records of his office did not show that there had ever been service of a copy of the complaint. Of course not, the documents sent to Luong's office were Petitions.

Kersey responded on January 27, 2007 by mailing a copy of the Petition

About a month later, "[o]n or around February 23, 2007", Luong admits receiving a a letter from Kersey dated January 27,2007. Luong claims that "Plaintiff included a copy of his complaint, with a certificate of service indicating that in "August, 2006," a copy of the complaint was sent to the United States Attorneys Office and other offices via regular mail". TO THE CONTRARY, KERSEY INCLUDED A COPY OF HIS PETITION, NOT HIS COMPLAINT. It did not include a copy of a summons from the District Court Kersey was not serving a complaint and had been told by the clerk of the Court that only a Certificate of

2

Service was required. Moreover in Kersey's letter to the Court Kersey asked if anything further was needed and no response was received because the Clerk, knowing that there had not been a return of service for a summons to a complaint, apparently did not believe anything further was needed.

Consequently, the argument "Pursuant to Fed. R. Civ. P. 4(m)" is inapplicable that, if "service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified period of time..."

The United States Attorney then states: "Plaintiffs failure to comply with this rule merits dismissal in this case." Kersey does not see how failure to comply with a rule regarding the service of complaint merits dismissal of his case when Kersey filed a Petition, not a Complaint, in accordance with instructions from the court.

In any event, it is improper to state that failure to comply with a rule regarding service of a complaint, not a petition, "merits dismissal of the case".

MOREOVER, ON MARCH 3, 2006 KERSEY RESPONDED TO LUONG'S PHONE CALL "of March 8, 2007 asking for a 30-day extension for responding to my above-captioned complaint in the United States District Court for the District of Columbia". This surely constitutes an appearance in the action.

The court, on its own initiative did not take any action, and even if action were appropriate a dismissal would be without prejudice or service would be made within a specified period of time.

In this case there has been proper service of both Kersey's Petition and his Motion for Summary Judgment which the PTO has acknowledged receiving.

Perhaps the United States Attorney will eventually receive the documents that Kersey has served. As noted by the United States Attorney in Footnote 2 "Due to some post-anthrax administrative procedures, mail to this office is sometimes delayed".

However it is not "undisputed that Plaintiff filed his complaint on September 5, 2006, over six months ago". The document that Kersey filed was a Petition, not a Complaint. Second, Plaintiff does not "avers that he sent a copy of the complaint" to the United States Attorney and other parties. What he avers is that he sent a copy of his Petition to the parties.

3

He did not serve any parties consistent with Fed. R. Civ. P. 4(i)(2)(A) because he filed a Petition, not a Complaint.

It is true that "Plaintiff has not apparently ever requested the issuance of a summons from this Court". This is because he did not believe that a formal summons was necessary. In his communications with the Court he did ask if anything further was needed, and if a summons were needed, he believes the Court would have responded accordingly.

Of course "there is no indication that he has ever served the United States Attorney, the Attorney General, or any of the other necessary parties with a copy of the summons and complaint" because he served a Petition and not a complaint.

There is the further objection "even assuming that Plaintiff did send documents to the necessary parties, Plaintiff s 'own certificate of service ...(attached to his complaint) indicates that such matters were sent via regular mail, not via registered or certified mail as required." Where is there a requirement to serve a Petition by registered or certified mail. A notice of Appeal is not served by registered or certified mail. Kersey's Petition is a type of appeal from one governmental organization to another

The United States Attorney states: "Plaintiff was advised of his failure to properly effect service in January, 2007, yet he has still failed to comply with the applicable rules of service". To the contrary, Luong's letter of January 23, 2007 states:

It has recently come to our attention that you have filed the above-captioned complaint in the United States District Court for the District of Columbia. Please be advised, however, that our records do not show that the United States Attorney's Office has ever been served with a copy of the summons and complaint, as required by Federal Rules of Civil Procedure 4(i)(2)(A).

Finally, the United States attorney thinks that it is relevant that "Plaintiff" . . . is barred in two separate jurisdictions". As stated in Kersey's Petition at 5. **In any event, it was improper for the General Counsel to decide the case on Summary Judgment, since there are disputed issues of fact in this case:**

**(a) Kersey was falsely disbarred by New Hampshire on the grounds that he had violated New Hampshire Rules of Professional Conduct 3.4 and 5.5, when Kersey can prove, at the hearing that he is entitled to have under the Rules, that he violated neither Rule, (as found by the Supreme Court of New Jersey) so that his disbarment by New Hampshire cannot have merit and cannot be considered on reciprocal discipline by the Patent Office.**

## Conclusion

For the foregoing reasons, the Motion of the United States Attorney to Dismiss should be denied. There is no Complaint in Issue, what Kersey filed was a Petition, and when the Government's Mail catches up with itself, the United States Attorney should find both Kersey's Petition and his Motion for Summary Judgment

Respectfully submitted,

George E. Kersey
P.O. Box 1073
Framingham, MA 01701

CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing Memorandum in Opposition to Defendant's Motion to Dismiss was sent via first class mail on this 29th day of March, 2007to the following

Office of the United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530

George E. Kersey

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEORGE E. KERSEY, )
)
      Petitioner )
)
                                         )   Civil Action No. 06-0416 (EGS)
v. )
)
COMMISSIONER OF PATENTS, )
)
      Respondent )
_____)

**DECLARATION OF PETITIONER, GEORGE E. KERSEY'
IN SUPPORT OF HIS MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO THE MOTION TO DISMISS ON BEHALF OF RESPONDENT**

Petitioner George E. Kersey hereby declares as follows subject to pains and penalties for perjury:

1. On or about August 19, 2006, I prepared a Petition (not a complaint) pursuant to **LCvR 83.7 REVIEW OF ORDERS AS TO ADMISSION OR EXCLUSION OF PRACTITIONERS BEFORE THE PATENT OFFICE**

A person refused recognition to practice . . or excluded from practice before the Patent Office may file a petition in this court against the Commissioner of Patents for review of such action within 30 days after the date of the order recording the Commissioner's action with this Court seeking review of a decision by the United States Patent and Trademark Office ("PTO") excluding him from practice before the PTO.

2. Before filing the Petition I called the Court and asked if a summons was necessary and was told "no" because the document being filed was a Petition. Accordingly, there was confirmation of my belief that a formal summons was unnecessary since no complaint was being filed.

3. The Petition was sent on August 31, 2006 by first class mail to the persons listed by the Court Clerk for service: Commissioner for Patents, U.S. Attorney and Department of Justice. None of these documents were ever returned to me so I assumed they had been received.

4. The Petition was filed on or about September 6, 2006. It would appear that if the Clerk thought a Summons was needed, he would have sent one to me, but he did not confirming the earlier information given to me that a Petition did not require a formal

1

summons in view of the fact that the Petition was the continuation of a prior proceeding, much like an appeal which does not require a formal summons.

5. On October 13, 2007 I called the Clerk at 202-354-3000. The Clerk said that the Docket No. is 06416 and that the case had been assigned to Judge Sullivan. The Clerk said the Respondent has 60 days to answer, i.e. by October 30, 2006

6. On October 17, 2006 I prepared a Motion for Summary Judgment and sent the Motion to the Court with a cover letter asking the Clerk to advise me if anything further was necessary.

7. My Motion also was sent to the parties listed in the Certificate of Service for the original Petition, namely: Commissioner of Patents; the United states Attorney and the Attorney General. None of these documents were ever returned to me so I assumed they had been received

8. Finally according to the U.S. attorney "in late December" that "office was contacted by the PTO regarding Plaintiffs motion for summary judgment". The U.S. attorney stated further: "After investigating this matter, the United States Attorneys Office was unable to find any record that the Plaintiffs complaint had ever been served upon this office". It is apparent that at least one of my documents was received by the Commissioner for Patents, since it was the PTO that contacted the U.S. attorney . There was never any return to me of the documents sent to the U.S. Attorney or the Department of Justice.

9 On January 23, 2007, Quan K. Luong sent a letter to me stating that my "complaint" had recently come to the attention of his office, but he claimed that the records of his office did not show that there had ever been service of a copy of the complaint. Of course not, the documents sent to Luong's office were with respect to my Petition.

10. I responded on January 27, 2007 by mailing a further copy of the Petition. About a month later, "[o]n or around February 23, 2007", Luong admits receiving a letter from me dated January 27,2007. Luong claims that "Plaintiff included a copy of his complaint, with a certificate of service indicating that in "August, 2006," a copy of the complaint was sent to the United States Attorneys Office and other offices via regular mail". TO THE CONTRARY, I INCLUDED A COPY OF MY PETITION, NOT A COMPLAINT. It did not include a copy of a summons from the District Court because I was not serving a complaint and I had been told by the clerk of the Court that only a Certificate of Service was required.

2

11. Moreover in my letter to the Court I asked if anything further was needed and no response was ever received from the Clerk, apparently because he did not believe anything further was needed.

12. Consequently, the argument "Pursuant to Fed. R. Civ. P. 4(m)" is inapplicable that , if "service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified period of time..."

13. The United States Attorney then states: "Plaintiffs failure to comply with this rule merits dismissal in this case." I do not see how failure to comply with a rule regarding the service of <u>complaint</u> merits dismissal of his case when I filed a Petition, not a Complaint, in accordance with instructions from the Court.

14. In any event, it is improper to state that failure to comply with a rule regarding service of a complaint, not a petition, "merits dismissal of the case".

15. MOREOVER, ON MARCH 3, 2006 I RESPONDED TO LUONG'S PHONE CALL "of March 8, 2007 during which he asked for a 30-day extension for responding to [the] above-captioned complaint in the United States District Court for the District of Columbia". This surely constitutes an appearance in the action, even though it refers to a "complaint" and not a petition, because the caption refers to a petition and not a complaint .

16. The court, on its own initiative did not take any action, and even if action were appropriate a dismissal would be without prejudice or service could be made within a specified period of time.

17. In this case there has been proper service of both my Petition and my Motion for Summary Judgment which the PTO has acknowledged receiving.

18. Perhaps the United States Attorney will eventually receive the documents that I served. As noted by the United States Attorney in his Footnote 2 "Due to some post-anthrax administrative procedures, mail to this office is sometimes delayed".

19. However it is not "undisputed that Plaintiff filed his complaint on September 5, 2006, over six months ago". First, The document that I filed was a Petition, not a Complaint. Second, I do not "aver[s] that he sent a copy of the complaint" to the United States Attorney and other parties. What I aver is that I sent a copy of my Petition to the parties. I did not

3

have to serve any parties consistent with Fed. R. Civ. P.4(i)(2)(A) because I filed a Petition, not a Complaint.

20. It is true that "Plaintiff has not apparently ever requested the issuance of a summons from this Court". This is because I did not believe that a formal summons was necessary. In my communications with the Court I did ask if anything further was needed, and if a summons were needed, I believe the Court would have responded accordingly.

21. Of course "there is no indication that . . [Kersey] has ever served the United States Attorney, the Attorney General, or any of the other necessary parties with a copy of the summons and complaint" because I served a Petition and not a complaint.

22. There is the further objection "even assuming that Plaintiff did send documents to the necessary parties, Plaintiff s 'own certificate of service ...(attached to his complaint) indicates that such matters were sent via regular mail, not via registered or certified mail as required." Where is there a requirement to serve a Petition by registered or certified mail? The Motion of the United States Attorney was served by first class mail <u>without</u> a Certificate of Service. A notice of Appeal is not served by registered or certified mail. My Petition is a type of appeal from one governmental organization to another.

23. The United States Attorney states: "Plaintiff was advised of his failure to properly effect service in January, 2007, yet he has still failed to comply with the applicable rules of service". To the contrary, Luong's letter of January 23, 2007 states:

> It has recently come to our attention that you have filed the above-captioned complaint in the United States District Court for the District of Columbia. Please be advised, however, that our records do not show that the United States Attorney's Office has ever been served with a copy of the summons and complaint, as required by Federal Rules of Civil Procedure 4(i)(2)(A).

This does not mean that United States Attorney's Office did not receive my Petition and my Motion for Summary Judgment

24. I wrote on March 9, 2007, **VIA FIRST CLASS MAIL** U.S. Department of Justice, Jeffrey A. Taylor, United States Attorney, *District of Columbia*, Judiciary Center, 555 Fourth St., N. W., Washington, D.C. 20530, Attention: Quan K. Luong, Special Assistant United States Attorney RE: <u>Kersey v. Commissioner of Patents and Trademarks,</u> 06-0416 (EGS), Dear Mr.Luong:

4

This is in response to your phone call of March 8, 2007 asking for a 30-day extension for responding to my above-captioned complaint in the United States District Court for the District of Columbia.

Surely a request for a 30-day extension to file an answer is an appearance in the case.

25. In accordance with Rule **LCvR 83.7**, and instructions from the Clerk's Office, I filed my Petition and sent a copy to the Commissioner of Patents, who had 20 days to answer. When I did not receive an answer within the time provided by the Rule, I called the Clerk's office (202-354-3000) on October 13, 2006. I was told that the Docket No. is 06416, assigned to Judge Sullivan, and that the Commissioner for Patents had 60 days to answer.

Consequently, it appears to me that the time for answer has long since passed and that the Commissioner of Patents has defaulted.

26. Finally, the United States attorney thinks that it is relevant that "Plaintiff" ... is barred in two separate jurisdictions". As stated in my Petition at **5. In any event, it was improper for the General Counsel to decide the case on Summary Judgment, since there are disputed issues of fact in this case:**

    **(a) Kersey was falsely disbarred by New Hampshire on the grounds that he had violated New Hampshire Rules of Professional Conduct 3.4 and 5.5, when Kersey can prove, at the hearing that he is entitled to have under the Rules, that he violated neither Rule, (as found by the Supreme Court of New Jersey) so that his disbarment by New Hampshire cannot have merit and cannot be considered on reciprocal discipline by the Patent Office.**

### Conclusion

For the foregoing reasons, the Motion of the United States Attorney to Dismiss should be denied. There is no Complaint in Issue, what Kersey filed was a Petition, and when the Government's Mail catches up with itself, the United States Attorney should find both Kersey's Petition and his Motion for Summary Judgment

Respectfully submitted,\

George E. Kersey
P.O. Box 1073
Framingham, MA 01701
(781) 581-5103

5

# CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing Memorandum in Opposition to Defendant's Motion to Dismiss was sent via first class mail on this 29th day of March, 2007 to the following

        Office of the United States Attorney
        555 Fourth Street, N.W., Room E-4417
        Washington, D.C. 20530

_____
George E. Kersey

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEORGE E. KERSEY, )
 )
    Petitioner )
 )
 )
v. ) Civil Action No. *06-0416* (EGS)
 )
COMMISSIONER OF PATENTS, )
U.S. PATENT AND TRADEMARK OFFICE )
 )
    Respondent )
_____ )

**ORDER WITH RESPECT TO THE
TO THE MOTION OF RESPONDENT, UNITED STATES PATENT
AND TRADEMARK OFFICE ("PTO"), TO DISMISS AND
OPPOSITION BY PETITIONER, GEORGE E. KERSEY ("KERSEY')**

The Motion by the Respondent and the Opposition by the Petitioner having been considered, it is hereby ordered as follows:

1. The Motion is denied.

2. The United States Attorney has appeared in this action.

3. Petitioner's Motion for Summary Judgment, which has come to the attention of the United States Attorney and has not been opposed, is granted.

SO ORDERED THIS _____ DAY OF _____, 2007

_____
UNITED STATES DISTRICT JUDGE