UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE E. KERSEY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 06-0416 (EGS) |
| ) | |
| COMMISSIONER OF PATENTS, ) | |
| U.S. PATENT AND TRADEMARK OFFICE ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS**

In response to Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 4(m), Plaintiff acknowledges that he never requested the issuance of a summons from this Court, *Pl. Opp. Decl. at ¶20*, and that he never sent a copy of his complaint (and a summons) to any parties via registered or certified mail, *Pl. Opp. Decl. at ¶¶ 3, 22*, as required by Fed. R. Civ. P. (4)(i)(2)(A). Instead, Plaintiff argues that he was not required to comply with Fed. R. Civ. P. 4 and any of its requirements because he filed a "petition" pursuant to LCvR 83.7, as opposed to a "complaint." *Pl. Opp. Decl. at ¶¶ 10, 13, 19*. Plaintiff's arguments are unsupported by any citations to statute, regulation, or case law and is also contrary to the clear language of LCvR 83.7.[1]

First, regardless of whether Plaintiff stylizes his action as a "petition" or a "complaint," to the extent that he admits that he filed this action pursuant to LCvR 83.7, he cannot reasonably dispute that he was also required to obtain and serve a summons. In his opposition, Plaintiff both

---

[1] As discussed in Defendant's motion to dismiss, the Patent and Trademark Office ("PTO") submits the motion to dismiss and reply for the limited purpose of requesting dismissal pursuant to Fed. R. Civ. P. 4(m) and avers that these submissions should not be deeemed a consent to jurisdiction or a waiver of any other defenses available to PTO at a later date.

misquotes LCvR 83.7 and omits relevant portions of the local rule. Specifically, he quotes LCvR 83.7 as follows:

> A person refused recognition to practice or suspended or excluded from practice before the Patent Office may file a petition in this court against the Commissioner of Patents for review of such action within 30 days after the date of the order recording the Commissioner's action with this Court seeking review of a decision by the United States Patent and Trademark Office ("PTO") excluding him from practice before the PTO.

In actuality, LCvR 83.7 states:

> A person refused recognition to practice or suspended or excluded from practice before the Patent Office may file a petition in this court against the Commissioner of Patents for review of such action within 30 days after the date of the order recording the Commissioner's action. The Commissioner shall answer the petition within 20 days *after receiving service of the summons*. Within 11 days after filing of the answer, the petitioner shall file a certified copy of the record and proceedings before the Patent Office, which shall constitute the sole basis for the court's review. (Emphasis added).

Clearly, LCvR 83.7 contemplates that the Commissioner receive service of a summons before his obligation to answer the complaint arises. In this case, there is simply no dispute that Plaintiff never requested the issuance of such a summons and as such, he has never properly effected service of his complaint.

Second, Plaintiff further acknowledges that he has never served the Patent and Trademark Office, the United States Attorney's office, or the Attorney General of the United States with a copy of his complaint via registered or certified mail as required by Fed. R. Civ. P. 4.[2] *Pl. Opp. Decl.* at ¶¶ *3, 22.* It appears that Plaintiff believes that he is not required to do so, however, he provides no authority for his argument. *Pl. Opp. Decl.* at ¶ *22.* Fed. R. Civ. P. 4(i)(2)(A) clearly

---

[2] Plaintiff claims that on August 31, 2006, he sent a copy of the complaint via *first class mail* to these three offices. *Pl. Opp. Decl.* at ¶ *3*. However, as discussed in Defendant's motion to dismiss, our records do not show that we ever received any such mailing. Moreover, the Patent and Trademark office has also advised that it never received a copy of Plaintiff's August 31, 2006 mailing.

provides:

> Service on an agency of corporation of the United States, or an officer of employee of the United States sued only in an official capacity, is effected by serving the United States in the matter prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint *by registered or certified mail* to the officer, employee, agency, or corporation. (Emphasis added)

Furthermore, Rule 4(i)(1) also provides that service upon the United States is effected "by registered or certified mail." Fed. R. Civ. P. 4(i)(1). It is undisputed that Plaintiff has failed to comply with these requirements.

Finally, though Plaintiff is proceeding *pro se*, it bears repeating that he is a licensed attorney. In light of this fact and the fact that he has been specifically advised of the deficiencies in service, Plaintiff's continuing failure to comply with Fed. R. Civ. P. 4 and LCvR 83.7 is without good cause.

## CONCLUSION

For the foregoing reasons, the Plaintiff's complaint should be dismissed.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

3

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing Defendant's Reply to Plaintiff's Opposition to Motion to Dismiss was sent via first class mail to the following:

George E. Kersey
P.O. Box 1073
Framingham, MA 01701

on this 12th day of April, 2007.

_____
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)