UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GEORGE E. KERSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Misc No. 06-416 (EGS) |
| v. ) | |
| ) | |
| COMMISSIONER OF PATENTS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

On September 5, 2006, plaintiff George E. Kersey filed what he called a Petition for Review of an Order Excluding George E. Kersey from Practice Before the United States Patent Office. Plaintiff never requested nor received summonses from the Clerk of the Court and never served the required summonses with his petition in accordance with Federal Rule of Civil Procedure 4(i)(2)(A). Plaintiff also did not comply with the certified or registered mail requirements of Rule 4. Accordingly, plaintiff did not properly effect service on the Commissioner of Patents within 120 days as required by Rule 4(m). Pending before the Court is defendant's motion to dismiss pursuant to Rule 4(m).

Plaintiff claims that he is not required to obtain and serve summonses with his petition because he filed a petition and not a complaint. Plaintiff is incorrect. Local Civil Rule 83.7, under which plaintiff brings his petition, specifically provides for service of the summons along with a petition challenging an

exclusion from practice before the Patent Office.  *See* LcvR 83.7 ("The Commissioner shall answer the petition within 20 days after receiving *service of the summons*.") (emphasis added).  In this case, no summons was ever served, so the Commissioner was not properly served and was not required to answer.

"If service of the summons and complaint [or petition in this case] is not made upon a defendant within 120 days of the filing of the complaint, the court . . . shall dismiss the action without prejudice or direct that service be effected within a specified time."  Fed. R. Civ. P. 4(m).  In this case, the Court exercises it discretion to allow more time for service rather than dismiss the *pro se* petition filed by plaintiff.  Generally, *pro se* litigants are given more latitude to correct defects in service than are those litigants represented by counsel.  *See Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993).  Plaintiff operated under the misimpression that he did not need a summons because he filed a petition rather than a complaint and plaintiff claims that he was misinformed by the Clerk's office as to the necessity of a summons.  Moreover, defendant has shown no prejudice by the delay in service.  Accordingly, it is by the Court hereby

   **ORDERED** that defendant's Motion to Dismiss is **DENIED;** and it is

**FURTHER ORDERED** that plaintiff shall obtain summonses and serve his complaint (or petition) and such summonses on the appropriate individuals in a manner compliant with Rule 4(i)(2)(A) by no later than **AUGUST 17, 2007.** Failure to effect proper service by such date will result in dismissal of plaintiff's case; and it is

**FURTHER ORDERED** that Motion by Petitioner George E. Kersey for Summary Judgment is **DENIED WITHOUT PREJUDICE** as this motion is premature at this time because the petition has not been properly served on defendant.

**SO ORDERED.**

**Signed:**     **Emmet G. Sullivan**
              **United States District Judge**
              **July 18, 2007**