UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE E. KERSEY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 06-0416 (EGS) |
| | ) |
| COMMISSIONER OF PATENTS, | ) |
| U.S. PATENT AND TRADEMARK OFFICE | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S MOTION TO DISMISS COUNT TWO OF
PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Jon W. Dudas, the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("USPTO"), through his undersigned counsel, respectfully moves to dismiss count two of Plaintiff's Amended Petition and Complaint and Request for Jury Trial ("Amended Complaint").

*Pro se* plaintiff is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. See Fox v. Strickland, 837 F.3d 507, 509 (D.C. Cir. 1988).

In support of this motion, the Court is respectfully referred to the accompanying Memorandum of Points and Authorities and to the entire record in this case. A proposed Order consistent with the relief sought herein is attached.

Respectfully submitted,

\_\_\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    /s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

    /s/_____
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE E. KERSEY, )<br>)<br>      Plaintiff )<br>)<br>v. )<br>)<br>COMMISSIONER OF PATENTS, )<br>)<br>      Defendant. )<br>) | Civil Action No. 06-0416 (EGS) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS COUNT TWO OF
PLAINTIFF'S AMENDED COMPLAINT**

**INTRODUCTION**

On or around August 20, 2007, Plaintiff filed a complaint under the Administrative Procedure Act (APA), 5 U.S.C. § 551 et seq., challenging a decision of the USPTO to exclude him from practice before the USPTO. See Docket Entries 1 and 7. As relief, Plaintiff asked that this matter be remanded to the USPTO for a hearing. On September 4, 2007, the USPTO filed an answer to Plaintiff's complaint. Docket Entry 8.

On that same date, Plaintiff then filed an amended complaint. Docket Entry 10. In his amended complaint, Plaintiff appears to be raising a second claim. Plaintiff's explanation of this second claim is poorly articulated, however, he appears to be seeking monetary damages against a number of newly-named federal and state defendants in their individual capacities for what he vaguely refers to as "improper actions" related to his exclusion from practice before the USPTO. Amended Compl. at ¶¶ 8-14. The individual defendants from whom Plaintiff appears to seek monetary damages include: (1) USPTO employees Toupin and Moatz; (2) named and unnamed

3

state judges from the New Hampshire courts; (3) Terence Troyer, an assistant bar counsel of the Massachusetts Bar; and (4) unnamed federal judges in both the Court of Appeals and the District of Columbia Circuits. Id. For the reasons set forth below, Plaintiff's second claim for monetary damages against the individual defendants should be dismissed.

## DISCUSSION

**I.    Plaintiff Is Not Entitled to Monetary Damages Under An APA Claim**

The APA waives sovereign immunity for suits seeking judicial review of federal administrative agency action. See 5 U.S.C. § 702. The waiver of immunity does not apply, however, to suits for money damages. See id. (waiving sovereign immunity only for "relief other than money damages"); see also M.K. v. Tenet, 99 F.Supp.2d 12, 24 (D.D.C. 2000). Thus, a claim for monetary relief is not permissible under the APA. E.g. Hubbard v. EPA, 982 F.2d 531, 532 (D.C.Cir. 1992) (en banc); accord Armendariz-Mata v. U.S. Dep't of Justice, 82 F.3d 679, 682 (5th Cir. 1996).

In the instant case, Plaintiff now attempts to amend his complaint to seek monetary and punitive damages stemming from the USPTO's decision to exclude him from practice. While Defendant does not dispute that, pursuant to the APA and Local Rule 83.7, Plaintiff has the right to seek judicial review of that decision, Plaintiff does not have a right to monetary damages. Plaintiff's request for monetary damages pursuant to this APA action is inappropriate and must be dismissed.

**II.   Special Factors Counsel Hesitation In The Creation Of A Bivens Remedy In Light Of The Exclusive Statutory Remedy Available To Plaintiff**

To the extent that Plaintiff is seeking to raise a separate Bivens claim against USPTO

employees Toupin, Moatz, or any of the other individually named federal defendants, this Court should decline to recognize any such cause of action.

In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) (hereinafter "Bivens"), the Supreme Court held that the victim of an alleged Fourth Amendment violation could assert a claim for damages in federal court under 28 U.S.C. § 1331 when there were no apparent alternative remedies and "no special factors counseling hesitation in the absence of affirmative action by Congress." 403 U.S. at 396. Though the Supreme Court has expanded Bivens to provide causes of action in different contexts, since 1980 the Court has "consistently refused to extend Bivens liability to any new context or new category of defendants." Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 68 (2001). Thus, where a comprehensive statutory scheme has been established to provide relief in a given area, the courts have recognized that special factors counsel against the creation of an alternative Bivens-type claims. See Mittleman v. U.S. Treasury, 773 F. Supp. 452, 454 (D.D.C. 1991) (Privacy Act bars plaintiff's constitutional claims); Weiss v. International Brotherhood of Electrical Workers, 729 F. Supp. 144, 147 (D.D.C. 1990) (to the extent that plaintiff's emotional injuries were the result of the stressful work situation created by the defendant, her claim of intentional infliction of emotional distress must be dismissed as subsumed within Title VII) (and cases cited therein); Spagnola v. Mathis, 859 F.2d 223, 229-30 (D.C. Cir. 1988) (en banc) (recognizing the exclusivity of the Civil Service Reform Act's remedies); see also Bush v. Lucas, 462 U.S. 367 (1983) (comprehensive procedural and substantive provisions of the Civil Service Reform Act constitute "special factors" counseling hesitation against a Bivens remedy); Schweiker v. Chilicky, 487 U.S. 412 (1988) (Social Security Disability Benefits Reform Act of 1984); see also

Brown v. GSA, 425 U.S. 820 (1976) (Title VII is the sole remedy for federal employees complaining of job discrimination on account of sex or race); Dearsman v. Kurtz, 516 F. Supp. 1255, 1259-60 (D.D.C. 1981) (Civil Service Reform Act ("CSRA") and Title VII constituted exclusive remedies for adverse actions and discrimination in the federal workplace, precluding plaintiff's due process claims).

Through the APA, Congress has contemplated that agency actions may violate constitutional rights and has provided a certain set of procedures and remedies to address such situations. See 5 U.S.C. § 706(2) (providing certain remedies if agency action is found to be "arbitrary, capricious, an abuse of discretion, [and] otherwise not in accordance with law," or "contrary to a constitutional right." ). Courts have recognized that the APA's remedial scheme precludes creation of an alternative Bivens remedy. See Gasplus, L.L.C. v. U.S. Dept. of Interior, 466 F.Supp.2d 43, 50 (D.D.C. 2006); (Gleason v. Malcomb, 718 F.2d 1044, 1048 (11th Cir. 1983) (special factors counsel against a Bivens remedy where plaintiff could have sought equitable relief pursuant to the APA); Sloan v. HUD, 231 F. 3d 10, 12 (D.C. Cir. 2002) (recognizing the district court's dismissal of Bivens claims based on APA special factors analysis, but affirming on other grounds); Maxey v. Kadrovach, 890 F.2d 73, 75-76 (8th Cir.1989) (holding that plaintiff could not assert a Bivens claim based on the termination of his employment at a VA medical center because the APA provided an adequate means of relief).

In the instant case, the comprehensive statutory scheme of the APA provides for the resolution of the Plaintiff's disagreement with the USPTO's decision to exclude him from practice. It is not necessary that the statutory remedial scheme be capable of affording the Plaintiff all of the relief he seeks in this action. The controlling factor is that Congress has

created a comprehensive scheme.  Spagnola v. Mathis, 859 F.2d at 228-30; see Bush v. Lucas, 462 U.S. at 388-90.  The APA remedies provide the Plaintiff his exclusive remedies in place of a Bivens claim.  Thus, special factors counsel against the creation of a Bivens remedy here.  Accordingly, Plaintiff's claims against USPTO employees Toupin and Moatz and the other individual federal defendants should be dismissed.

**III.    All Claims Against Defendants In Their Individual Capacity Must Be Dismissed Because Plaintiff Has Not Served Any Of The Individual Defendants With A Summons And The Amended Complaint**

Even were this Court to allow Plaintiff to bring a Bivens claim against USPTO employees Toupin or Moatz or any other federal defendants in their individual capacities, such defendants were not served with the amended complaint and summons in accordance with the rules applicable to individual defendants.  Simpkins v. District of Columbia Government, 108 F.3d 366, 369 (D.C. Cir. 1997).

It is well-established that, in an action against a federal employee in his or her individual capacity, the individually-sued defendant must be served with process in accordance with Rule 4(e) of the Federal Rules of Civil Procedure.  Pursuant to Rule 4(e), service may be effected by delivering a copy of the summons and complaint to the defendant (or his appointed agent) personally, or by leaving copies thereof at the defendant's "dwelling house or usual place of abode with some person of suitable age and discretion" who resides there.  Fed. R. Civ. P. 4(e).  The SCR-Civil 4(e)(2) allows for service upon individuals by first class, certified or registered mail.  Service on the U.S. Attorney in the district where the action was brought pursuant to Fed. R. Civ. P. 4(i) "does not obviate the requirement of personal service under Fed. R. Civ. P. 4(d)(1) where the action is in substance against a federal official in his individual capacity."  See

Lawrence v. Acree, 79 F.R.D. 669, 670 (D. D.C. 1978). Similarly, service at a place of business does not satisfy the service rule.

It is the plaintiff in a civil action who has the burden of establishing the validity of service of process. Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993); Lensel Lopez v. Cordero, 659 F. Supp. 889, 890 (P.R. 1987). In this case, the record is devoid of any indication that Plaintiff has ever served USPTO employees Toupin and Moatz or any federal defendants in their individual capacities. In the certificate of service accompanying Plaintiff's amended complaint, Plaintiff indicates that he served only the USPTO, the Attorney General of the United States, and the United States Attorney's office. Amended Comp. at 5. Actual notice will not, of course, substitute for technically proper service under Rule 4 and will not permit the Court to render a personal judgment against an individually-named defendant. Sieg v. Karnes, 693 F.2d 803 (8th Cir. 1982); see also Stafford v. Briggs, 444 U.S. 527 (1980). The service of process thus being defective as to the defendants in their individual capacity, this action cannot proceed against them personally. Micklaus v. Carlson, 632 F.2d 227, 240 (3rd Cir. 1980); Griffith v. Nixon, 518 F.2d 1195, 1196 (2d Cir. 1985), cert. denied, 423 U.S. 995 (1975). Accordingly, this second claim against the individual defendants should be dismissed.

**IV.    Absolute Immunity**

The principle of judicial immunity is well-established. Tinsley v. Widener, 150 F.Supp.2d 7, 11 (D.D.C. 2001) (citing Stump v. Sparkman, 435 U.S. 349 (1978); Pierson v. Ray, 386 U.S. 547 (1967); Bradley v. Fisher, 80 U.S. 335 (1871); Randall v. Brigham, 74 U.S. 523 1868)). Absolute immunity is necessary for judges carrying out their judicial functions because judges must "act upon [their] convictions, without apprehension of personal consequences to

[themselves]." Bradley, 80 U.S. at 347. Appealing to a higher court for relief is the only judicial procedure available to a litigant who seeks to challenge the legality of decisions made by a judge in her judicial capacity. Dacey v. Clapp, 1993 WL 547467, at *1-2 (D.D.C. Oct. 23, 1993). The nature of the act and not the identity of the individual determines whether absolute judicial immunity is applicable. Thus, so long as the act involves a judicial function, immunity applies regardless of whether the plaintiff is suing the judge in her individual or official capacity. Daul v. Meckus, 897 F.Supp. 606, 611 (D.D.C.1995), *aff'd,* 107 F.3d 922 (D.C.Cir.1996) (per curiam); see also Forbush v. Zaleski, 20 Fed.Appx. 481, 482 (6th Cir.2001) (applying judicial immunity to a judge sued in his individual and official capacities for actions within the scope of his official duties).

Numerous federal courts have held that judges who adjudicate disciplinary proceedings against an attorney are engaged in judicial functions for which immunity applies. Randall v. Brigham, 74 U.S. 523, 535 (1869) (judge disbarring attorney acts judicially, and thus is immune to resulting damage suit); Ex parte Secombe, 60 U.S. 9, 15 (1856) (decision to disbar is "in its nature a judicial act" ); Erdmann v. Stevens, 458 F.2d 1205, 1208 (2d Cir. 1972) (state court's "conduct of disciplinary proceedings with respect to those admitted to practice before it amounts to a judicial inquiry"); Saier v. State Bar of Michigan, 293 F.2d 756, 760 (6th Cir. 1961), *cert. denied,* 368 U.S. 947 (1961) ("(i)n the final analysis, it is a judicial function to pass on the disbarment of a lawyer"); Mildner v. Gulotta, 405 F.Supp. 182 (E.D.N.Y. 1975), *aff'd*, 425 U.S. 901 (1976) ("we must view disciplinary proceedings as *judicial* rather than administrative in nature") (emphasis supplied); Collie v. Kendall, 220 F.3d 585 (5th Cir. 2000) (suspension or disbarment proceeding is adversarial and quasi-criminal in nature and therefore judicial in

9

nature) (citing United States v. Brown, 72 F.3d 25, 29 (5th Cir.1995)).

Plaintiff attempts to bring this amended complaint against unnamed federal judges in both the First and the D.C. Circuits in their individual capacities. Pl. Am. Compl. at ¶¶ 8-9, 13-14. Specifically, Plaintiff appears to claim that the judges took "improper actions" in disbarring him from practice before their respective tribunals in the matters of In re Kersey, 897 A.2d 198 (D.C. 2006) and In re Kersey, 402 F.3d 217 (1st Cir. 2005). Amend Compl. at ¶¶ 13-14. A reading of those cases demonstrates that, respectively, the D.C. and the First Circuits ordered that plaintiff be disbarred from the practice of law in their respective jurisdictions. Id. These disbarment orders were the result of reciprocal disciplinary proceedings stemming from Plaintiff's disbarment by the New Hampshire Supreme Court, see In re Kersey, 842 A.2d 121 (N.H. 2004) and the Massachusetts Supreme Judicial Court, see In re Kersey, 825 N.E.2d 994 (Mass. 2005) for misconduct related to a finding of contempt when Plaintiff practiced law in violation of a suspension order and to Plaintiff's repeated refusal to comply with court orders.

To the extent that Plaintiff is pursuing Bivens claims against judges for their roles in adjudicating his various disbarment proceedings, these defendants are entitled to dismissal of all such claims against them under the doctrine of absolute immunity.

## V.     Qualified Immunity

Plaintiff's Bivens claims should also be dismissed because USPTO employees Toupin and Moatz and the other federal defendants in their individual capacities are entitled to qualified immunity. Qualified immunity shields government officials from suit in performance of a discretionary function unless that official's conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S.

800, 818 (1982). Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Id. The D.C. Circuit, in Farmer v. Moritsugu, 163 F.3d 610, 613 (D.C. Cir. 1998), explained:

> In short, "[a]n official is ... entitled to summary judgment [on qualified immunity grounds] unless '[t]he contours of the right [were] sufficiently clear that a reasonable official would [have] underst[ood] that what he [was] doing violate [d] that right.' " Harris v. District of Columbia, 932 F.2d 10, 13 (D.C. Cir. 1991) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987), aff'd 922 F.2d 443 (8th Cir. 1990)).

By "provid[ing] government officials with the ability reasonably to anticipate when their conduct may give rise to liability for damages," Anderson, 483 U.S. at 646, the doctrine of qualified immunity strikes a balance between compensating those injured by official conduct and protecting the Government's basic ability to function. See Harlow, 457 U.S. at 813-14. In other words, qualified immunity is designed to mitigate the social costs of exposing government officials to personal liability – costs such as "distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." Id. at 816; see also Harris, 932 F.2d at 13. To this end, qualified immunity provides not simply a defense to liability, but also "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

In determining whether a federal official is entitled to qualified immunity from personal

liability for money damages, there is a two-step process that must be followed by a federal court. Saucier v. Katz, 121 S. Ct. 2151 (2001). A court must always begin with this first step: "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the [employee's] conduct violated a constitutional right?" Id. at 2156. "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." Id. Therefore, if the first portion of the two-pronged test is not met, that is, there is no constitutional violation, then the defendants are entitled to qualified immunity. See Farmer v. Moritsugu, 163 F.3d 610, 613 (D.C. Cir. 1998) (no Eighth Amendment showing of deliberate indifference by BOP Medical Director; therefore, he was entitled to qualified immunity); Verdecia v. Adams, 327 F.3d 1171, 1177 (10th Cir. 2003) ("Because Verdecia cannot meet the first portion of the two-pronged test, the defendants are entitled to qualified immunity.").

In the instant action, the Plaintiff fails to allege a single unconstitutional act (or omission) committed by the USPTO employees or any other individually named federal defendants. At best, Plaintiff's sparse amended complaint generally claims that "improper actions" were taken, yet he fails to clearly specify what those "improper actions" were and how they were unconstitutional in nature. Conclusory allegations without supporting facts or allegations against each named defendant cannot form a Bivens claim upon which relief may be granted. See Martin v. Malhoyt, 830 F.2d 237, 254 (D.C.Cir. 1987). Even assuming arguendo that the amended complaint could be interpreted to sufficiently state each named defendant committed

unconstitutional acts, Plaintiff failed to articulate how these constitutional rights were clearly established. Anderson v. Creighton, 483 U.S. 635, 640 (1987).

Accordingly, even under the facts as alleged in the complaint, each of the named defendants is entitled to qualified immunity, and should be dismissed from this lawsuit. Any and all actions were taken in the course of their employment and did not violate any clearly established constitutional or statutory right of which a reasonable person would have known. See Harlow, 457 U.S. at 818. For this reason, USPTO employees Toupin and Moatz and all other federal defendants are entitled to qualified immunity.

**VI.    This Court Has No Personal Jurisdiction Over USPTO Employee Moatz Or Any Of The Federal Judges In The First Circuit Court Of Appeals**

Plaintiff has also failed to show that USPTO employee Moatz or any of the unnamed federal judges in the First Circuit Court of Appeals are residents of the District of Columbia, or that they maintain a principal place of business in the District of Columbia. Therefore, there is no in personam jurisdiction.

**A.    Plaintiff's burden**

It is the plaintiff who bears the burden of pleading the facts necessary to substantiate in personam jurisdiction in this Court. Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 240 (2d Cir. 1999). As explained by this Court in Edmond v. U.S. Postal Service, 727 F. Supp. 7, 10 (D. D.C. 1989), aff'd in part and rev'd in part, 949 F.2d 415 (D. C. Cir. 1991):

> A plaintiff in district court must plead essential jurisdictional facts and must carry throughout the litigation the burden of showing that he is properly in court. "If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand

13

that the party alleging jurisdiction justify his allegations by a preponderance of evidence." McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

Plaintiff has failed and cannot meet his burden to establish such necessary facts. Thus, these defendants are moving for their dismissal from this lawsuit based upon lack of in personam jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2).

  B.  D.C. Code §13-423, the "Long Arm" statute

In personal capacity suits, *personam* jurisdiction may be maintained by the United States District Court for the District of Columbia only if permitted by the "long arm" laws of the District of Columbia. Crane v. Carr, 814 F. 2d 758, 762 (D.C. Cir. 1987). The District of Columbia exercises personal jurisdiction based upon the D.C. Code's "long arm" statute at D.C. Code §13-423 (2000), which states in relevant part:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's–
>
>> (1) transacting any business in the District of Columbia;
>> (2) contracting to supply services in the District of Columbia;
>> (3) causing tortuous injury in the District of Columbia by an act or omission in the District of Columbia;
>> (4) causing tortuous injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
>> (5) having an interest in, using, or possessing real property in the District of Columbia;
>> (6) contracting to insure or act as surety . . . ; or
>> (7) marital or parent and child relationship. . . .
>
> (b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

In the instant case, Plaintiff's pleading does not establish proper *in personam* jurisdiction in the United States District Court for the District of Columbia under § 13-423 over UPSTO employee Moatz or the unnamed federal judges in the First Circuit Court of Appeals. Crane at 762. First, it is undisputed that USPTO employee Moatz is employed at the USPTO in Alexandria, VA and that the unnamed federal judges are employed in the First Circuit Court of Appeals in Boston, Massachusetts. Moreover, the Plaintiff does not allege that any of these individuals transacted any business or contracted to supply services in the District of Columbia, nor have they caused any tortious injury in the District of Columbia. Moreover, *in personam* jurisdiction cannot be predicated on the provisions of the sections (a)(3) and (4) of the "long arm" statute because the Plaintiff does not and cannot claim that these defendants caused him tortious injury within the District of Columbia. There is no *act* or *injury* alleged to have been accomplished within the District of Columbia by these defendants. Any injury to Plaintiff necessarily took place outside the District of Columbia. Therefore, this Court lacks personal jurisdiction over the Defendants for activities taking place outside the District of Columbia.

### C. In personam jurisdiction requires "minimum contacts"

In order for the District Court for the District of Columbia to have personal jurisdiction over a non-resident defendant sued in his individual capacity, jurisdiction must be proper under both the District of Columbia long-arm statute and consistent with the demands of due process. United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995); Crane v. Carr, 814 F.2d 758, 762 (D.C. Cir. 1987). "Since the District of Columbia's long-arm statute has been held to extend as far as the Due Process Clause allows, Mouzavires v. Baxter, 434 A.2d 988 (D.C. 1981) (en banc), cert. denied, 455 U.S. 1006 (1982), personal jurisdiction exists when the defendant has

purposely established minimum contacts with the forum state and when the exercise of jurisdiction comports with 'traditional notions of fair play and substantial justice.' Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102 (1987)." Wiggins v. Equifax Inc., 853 F. Supp. 500 (D. D.C. 1994). "Plaintiff's claim for relief must arise from the defendants' contacts with the District of Columbia and his 'claims must bear some relation to the acts in the District that are relied upon to confer personal jurisdiction.' [D.C. Code] § 13-423(b). Bayles v. K-Mart Corp., 636 F. Supp. 852, 854 (D.D.C. 1986)." Id. at 502.

The burden is again on the plaintiff to establish that this Court can exercise personal jurisdiction over defendants consistent with the Due Process Clause. Blumenthal v. Drudge, 992 F. Supp. 44, 53 (D. D.C. 1998). Plaintiff in this case has wholly failed to allege such facts, and the allegations against USPTO employee Moatz and the federal judges from the First Circuit Court of Appeals do not establish "minimum contacts" necessary to confer personal jurisdiction upon the District Court for the District of Columbia.

The presence in the District of Columbia of the defendants must be "continuous and systematic" and relative to the claim to meet the "minimum contacts" requirement. International Shoe Co. v. Washington, 326 U.S. 310 (1945). In this case these non-resident defendants lack the requisite minimum contacts with the District of Columbia because the operative facts of any claim herein arose either in Virginia or in Massachusetts.

## CONCLUSION

For the foregoing reasons, count two of the Plaintiff's amended complaint should be dismissed.

Respectfully submitted,

\_\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

\_\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

\_\_\_/s/_____
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

CERTIFICATE OF SERVICE

      I hereby certify that service of the foregoing Defendant's Motion to Dismiss Count Two of Plaintiff's Amended Compliant was sent via first class mail to the following:

George E. Kersey
P.O. Box 1073
Framingham, MA 01940

George E. Kersey
P.O. Box 1073
Framingham, MA 01701

on this 20th day of September, 2007.

                                                     /s/
                                        QUAN K. LUONG
                                        Special Assistant United States Attorney
                                        555 Fourth Street, N.W., Room E-4417
                                        Washington, D.C. 20530
                                        (202) 514-9150 (telephone)
                                        (202) 514-8780 (facsimile)