**RECEIVED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OCT 0 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| GEORGE E. KERSEY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| ) | Civil Action No. 06-0416 (EGS) |
| v. ) | |
| COMMISSIONER OF PATENTS, ) | |
| U.S. PATENT AND TRADEMARK ) | |
| OFFICE ) | |
| ) | |
| Defendant. ) | |
| ) | |

**OPPOSITION BY PLAINTIFF, GEORGE E. KERSEY, TO
DEFENDANT'S MOTION TO DISMISS COUNT TWO\
OF PLAINTIFF KERSEY'S AMENDED COMPLAINT**

Under the Rules of Practice of this Court, Plaintiff Kersey was entitled to amended his complaint before receiving the answer of the Defendant, Commissioner of Patents. After Kersey filed his initial petition with the Court, the petition was converted to a Complaint and Kersey was required to effect service of process under Rule 4 of the Federal Rules of Civil Procedure, which permit the amendment of a complaint before receiving the answer of the originally named defendant.

The Defendant Commissioner of Patents, who is not named in Count Two, but has acted on the basis of improper actions taken by the defendants

1

named in Count Two, now seeks to have Count Two dismissed, even though Count Two deals with the individuals who made and relied upon **false findings of fact in disbarring Kersey,** which is the primary basis on which the Commission of Patents seeks to exclude Kersey from practicing before the United states Patent Office. The proof of the falsity of the disbarments, **as recognized by New York and New Jersey where Kersey was not disbarred on Reciprocal Discipline**, is important in showing the impropriety of the Commissioner of Patents in seeking to disbar Kersey on reciprocal discipline on the basis of improper disbarments.

Moreover, since the Commissioner of Patents is not a party to Count Two he has no standing in seeking to have Count Two dismissed.

Similarly, it is improper to have Plaintiff Kersey's request for a jury trial dismissed. When Kersey's petition was converted to a complaint and Kersey complied with all of the requirements for serving a Complaint, Kersey became entitled to a jury trial as guaranteed under the Constitution of the United States.

A proposed Order consistent with the relief sought herein is attached.

                                        Respectfully submitted,

                                        GEORGE E. KERSEY
                                        Plaintiff
                                        (603) 279-5155

## CERTIFICATE OF SERVICE

    I hereby certify that service of the foregoing Opposition to Defendant's Motion to Dismiss Count Two of Plaintiffs Amended Compliant was sent via first class mail to the following:

JEFFREY A. TAYLOR
United states attorney
RUDOLPH CONTRERAS,
Assistant United States Attorney
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., RoomE-4417
Washington, D.C. 20530


on this 1st day of October, 2007.

                                              George E. Kersey
                                              P.O. Box 1073
                                              Framingham, MA 01701

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE E. KERSEY, )<br>)<br>Plaintiff )<br>)<br>) | Civil Action No. 06-0416 (EGS) |
| v. )<br>)<br>)<br>COMMISSIONER OF PATENTS, )<br>U.S. PATENT AND TRADEMARK OFFICE )<br>)<br>Defendant. ) | |

ORDER

Upon consideration of the Opposition by Plaintiff George E. Kersey to Defendant's Motion to Dismiss Count Two of Plaintiff's Amended Complaint, the Federal Rules of Civil Procedure; the fact that the Defendant Commissioner of Patents is not named in Count Two of the Complaint which has been presented in accordance with Federal Rules, it is this _____ day of _____, 2007

ORDERED that Defendant's Motion to Dismiss Count Two of Plaintiff's Amended Complaint is DENIED, and it is,

Further ORDERED that this Plaintiff's Count Two HAS BEEN PROPERLY PRESENTED.

SO ORDERED.

_____
UNITED STATES DISTRICT COURT JUDGE