UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEORGE E. KERSEY,                )
                                 )
        Plaintiff                )
                                 )
                                 )  Civil Action No. 06-0416 (EGS)
        v.                       )
COMMISSIONER OF PATENTS,         )
U.S. PATENT AND TRADEMARK OFFICE )
                                 )
        Defendant.               )
                                 )

**SURREPLY BY PLAINTIFF, GEORGE E. KERSEY, TO
DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNT TWO
OF PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff, George E. Kersey ("Kersey"), hereby respectfully submits this Surreply to the Reply of Defendant, Jon W. Dudas, the Commissioner of Patents of the United States Patent and Trademark Office ("Commissioner"), filed through counsel, in support of the Commissioner's Motion to Dismiss Count II of Kersey's Amended Complaint and Request for Jury Trial ("Amended Complaint")..

First, it is appropriate for Kersey to Amend his Complaint and seek a Jury Trial for issues that are triable by a jury

Second, it is improper for the Commissioner of Patents to seek a blanket dismissal of Count II on the ground that he can join "a motion to dismiss a claim brought against his employees". None of the persons named in Count II are employees of the Commissioner, although two of them (Toupin and Moatz) are employed by the United States Patent and Trademark Office. However, the remainder of the Defendants in Count

1

II have no connection with the United States Patent and Trademark Office. In addition the Commissioner's improper Motion to Dismiss does not indicate that the Commissioner was "joining a motion to dismiss a claim brought against his employees". Accordingly it is improper for the Commissioner to state in his Reply: "the Defendants named in Count II joined the motion". There is no evidence whatsoever of such joining. Moreover, how can the Commissioner join "a motion to dismiss a claim brought against his employees" when it is the Commissioner that is bringing the motion, as is the case here.

Third, Kersey claims that he is entitled to a jury trial, citing only "the Constitution of the United States" because that is the document that the Courts are obligated to uphold. **Article the ninth** [Amendment VII] states:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

Kersey's suit in Count II is <u>not against the government</u>, it is against <u>named individuals</u>, who have acted in their individual capacities to deprive Kersey of rights that he is entitled to have under the U.S. Constitution, for which Kersey is seeking monetary damages from the named individuals.

The Commissioner cites <u>Lehman v. Nakshian,</u> 453 U.S. 156, 161 (1981) for the proposition that "The constitutional guarantee of jury trials does not apply in civil cases against the government, and a separate waiver of sovereign immunity is required for a jury trial agianst [sic] the government." The basis of the holding in Lehman, supra is:

> It has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government. In *Galloway v. United States*, 319 U.S. 372, 388-389, the Court observed (footnotes omitted):

> "The suit is one to enforce a monetary claim against the United States. It hardly can be maintained that under the common law in 1791 jury trial was a matter of right for persons asserting claims against the sovereign. Whatever force the Amendment has therefore is derived because Congress, in the legislation cited, has made it applicable."

See also *Glidden Co. v. Zdanok*, 370 U.S. 530, 572; *McElrath v. United States*, 102 U.S. 426, 440. Moreover, the Court has recognized the general principle that "the United States, as sovereign, 'is immune from suit save as it consents to be sued.

KERSEY IS NOT MAKING A MONETARY CLAIM AGAINST THE UNITED STATES. HE IS MAKING A MONETARY CLAIM AGAINST INDIVUALS WHO HAVE DEPRIVED, AND ARE DEPRIVING, HIM OF HIS OF HIS RIGHT DUE PROCESS OF LAW BY INDIVIDUALS WHO ARE RELYING ON DECSIONS BASED ON FALSE FINDINGS OF FACT. DECSIONS BASED ON SUCH FALSE FINDINGS OF FACT CAN HAVE NO PLACE IN A SYSTEM OF JUSTICE AND INDIVIDUALS WHO RELY ON SUCH DECSIONS ARE INDIVIDUAL RESPONSIBLE TO THE PLAINTIFF IN DAMAGES

Finally, the Commissioner contends that Kersey "has no response to the numerous arguments raised by Defendants".

In the first place the arguments against Count II were not raised by the Defendants, but by the Commissioner who is not a defendant in Count II. In the second place Count II is not brought under the Administrative Procedure Act, so it not a ground for objection that there is an alleged "failure to state a claim under the Administrative Procedure Act".

The Commissioner also contends there was a "failure to state a claim under Bivens". Kersey assumes that "Bivens" is a reference to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) where the Supreme Court ruled that an implied cause of action existed for an individual deprived of a right under the Constitution despite the

3

lack of any federal statute authorizing such a suit. The existence of a remedy for the violation was implied from the importance of the right violated.

Kersey surely has a right of due process from reliance by the named Defednants on any decsion based on false findings of fact

The Commissioner also assert a "lack of jurisdiction due to sovereign immunity", "absolute immunity" , and "qualified immunity".. These arguments do not apply because Kersey is not seeking money damages from the Government.

In any event Judicial Immunity does not apply to the wrongful judicial acts of the kind Kersey complains of. The basis for the doctrine of judicial immunity is set forth in *Bradley v. Fisher*, 13 Wall. 335, 354, (1871), as applicable only to the exercise of judicial functions within the general scope of the jurisdiction of the court.

This proposition was affirmed in *Stump v. Sparkman*, 435 U.S. 350, 364-365 (1978), where the Supreme Court stated "It is established federal law that judges of general jurisdiction are absolutely immune from monetary liability 'for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.'" (Emphasis added). *Bradley v. Fisher*, 13 Wall. 335, 351…. "But the scope of judicial immunity is limited to liability for 'judicial acts,'" (Emphasis added).

In *Forrester v. White*, 484 U.S. 219, 228-229 (1987) the Supreme Court stated:
> As the *Bradley* Court noted: "Against the consequences of [judges'] erroneous or irregular action, from whatever motives proceeding, the law has provided for private parties numerous remedies, and to those remedies they must, in such cases, resort." *Ibid.*

4

Administrative decisions, even though they may be essential to the very functioning of the courts, have not similarly been regarded as judicial acts. In *Ex parte Virginia*, 100 U.S. 339 (1880), for example, this Court declined to extend immunity to a county judge who had been charged in a criminal indictment with discriminating on the basis of race in selecting trial jurors for the county's courts. The Court reasoned:

> "Whether the act done by him was judicial or not is to be determined by its character, and not by the character of the agent. Whether he was a county judge or not is of no importance. The duty of selecting jurors might as well have been committed to a private person as to one holding the office of a judge... That the jurors are selected for a court makes no difference. So are court-criers, tipstaves, sheriffs, &c. Is their election or their appointment a judicial act?" *Id.*, at 348.

Although this case involved a criminal charge against a judge, the reach of the Court's analysis was not in any obvious way confined by that circumstance.

Likewise, judicial immunity has not been extended to judges acting to promulgate a code of conduct for attorneys; *Supreme Court of Virginia v. Consumers Union of United States, Inc.*, 446 U.S. 719 (1980). In explaining why legislative, rather than judicial, immunity furnished the appropriate standard, we said: "Although it is clear that under Virginia law the issuance of the Bar Code was a proper function of the Virginia Court, propounding the code was not an act of adjudication but one of rulemaking." *Id.* at 731. Similarly, in the same case, we held that judges acting to enforce the Bar Code would be treated like prosecutors, and thus would be amenable to suit for injunctive and declaratory relief. *Id.*, at 734-737. Cf. Pulliam v. Allen, 466, U.S. 522 (1984). Once again, it was the nature of the function performed, not the identify of the actor who performed it, that informed our immunity analysis.

In the present case, the actions f the Defendants named in Count II in denying Kersey of his right to a just decision under a Bar Code not based on false evidence is not

5

a judicial act, but in the nature of an administrative or non-judicial act for which the defendants are personally liable.

## CONCLUSION

For the foregoing reasons, the Plaintiff requests that this court deny Defendant's Motion to Dismiss the complaint for failure to state a claim upon which relief can be granted.

The Commissioner further asserts: "lack of personal jurisdiction" and "insufficiency of service". These arguments are premature since Kersey has 120 days from the filing of his amended complaint to effect service.

For the foregoing reasons, the Commissioner's Motion to Dismiss Count II" of Kersey's amended complaint should be DENIED

.October 22, 2007                             Respectfully submitted,

                                              *[signature]*
                                              George E. Kersey
                                              P.O. Box 1073
                                              Framingham, MA 01701
                                              (603) 279-5155

## CERTIFICATE OF SERVICE

I hereby certify that foregoing Surreply to Defendant's Reply was sent by first class mail to the United States Attorney at 555 Fourth Street, N.W. Washington, D.C. 20530 On this 22nd day of October, 2007

*[signature]*
George E. Kersey